IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHARLES EDGE, | : | CIVIL ACTION NO. |
| | : | 1:18-CV-1883-TWT-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LEVERN WARD, | : | |
| | : | **ORDER AND FINAL REPORT** |
| Defendant. | : | **AND RECOMMENDATION** |

Movant Contina Ward, proceeding *pro se*, seeks leave under 28 U.S.C. § 1915(a)(1) to remove this action to this Court *in forma pauperis,* without prepaying applicable fees and costs. It is not clear if Movant is a defendant in this case, as Movant has not attached the original Complaint to her Petition for Removal [1-1]—rather, she has only attached a "Dispossessory Answer" that appears only to contain the name "Levern Ward" as Defendant. *See* Pet. Removal at 3. Nevertheless, Movant's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED** for the limited purpose of determining whether this action has been properly removed to this Court. This action shall therefore proceed as any other civil action, and Movant shall be allowed to proceed without prepayment of a filing fee.

Pursuant to 28 U.S.C. § 1447, if at any time before final judgment it appears that this Court lacks subject matter jurisdiction over an action that has been removed

from a state court, this Court must remand the action. *See* 28 U.S.C. § 1447(c). The undersigned must therefore examine Movant's Petition for Removal [1-1] to determine whether this Court has jurisdiction over Plaintiff's claims. "In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

Movant's Petition for Removal does not appear to contend that Plaintiff has asserted any federal claims in the subject state-court action. It is not entirely clear, but it appears that Movant is attempting to assert counterclaims or defenses under federal law. Movant alleges that "[t]he proceedings occurring in violation of the Uniform Commercial Code of 15 U.S.C. 1692 with unlawful eviction proceedings." Pet. Removal at 1. She also alleges that Plaintiff is "attempting to carry out an illegal eviction in violation of the Fair Housing Act (*Title VIII of the Civil Rights Act of 1968*) and is attempting to collect a debt in violation of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. 1692." *Id.* at 1–2. Thus, it appears that Movant is alleging that this Court has subject matter jurisdiction over this case on the basis of a federal question. The Court has reviewed the record, however, and determines that Movant has not established federal question jurisdiction.

2

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1441, a defendant may remove a civil action to a district court on the basis of such federal question jurisdiction. *See* 28 U.S.C. § 1441(a). The Supreme Court has held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule. That rule provides that federal jurisdiction exists only when a federal question is presented on the face of the state-court plaintiff's properly-pleaded complaint. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936); *see also Anderson v. Household Fin. Corp.*, 900 F. Supp. 386, 388 (M.D. Ala. 1995).

In this case, a review of the record reveals that Plaintiff has asserted no federal claims. Instead, Movant's Petition for Removal indicates that Plaintiff's action in the Magistrate Court of Fulton County is a dispossessory action. *See* Pet. Removal at 3 (Defendant's "Dispossessory Answer" in the Fulton Magistrate Court). An eviction or dispossessory action is a process governed by state law that does not typically implicate federal law. Movant has not identified any federal question that Plaintiff's state-court dispossessory action raises. To the extent that Movant is attempting to remove this action by asserting defenses or counterclaims that invoke federal statutes, that basis of removal is also improper. Under the well-pleaded complaint

rule, federal defenses and counterclaims are not sufficient to confer jurisdiction on this Court to hear an action removed from a state court. *See Fed. Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D. Ga. 1975) ("Defendants' defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action").

Movant has not alleged that this Court has diversity jurisdiction over this action. *See* 28 U.S.C. § 1332(a); *see* Civil Cover Sheet [1-2] ¶ II (alleging "Federal Question" as the "Basis of Jurisdiction"). But even if Movant had alleged diversity as a basis for jurisdiction, diversity between parties does not provide a basis for removal to federal court if any of the properly joined defendants is a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2). Movant states in the Civil Cover Sheet that she is a resident of Atlanta, Georgia, and does not allege citizenship in any other state. *See* Civil Cover Sheet ¶ I(c). Thus, to the extent Movant is a party to this action, this action may not be removed on the basis of diversity jurisdiction. To the extent Movant is not a party, that would provide independent grounds to remand, as Movant would lack standing to remove this action.

Accordingly, while Movant's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**, for the reasons discussed above,

the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Fulton County.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED and RECOMMENDED** this 9th day of May, 2018.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE